### In the Matter of the
## ESTATE OF ANNA ROSLYN PEIFFER, NEE CALLWOOD, Deceased

## Probate No. 10 — 1955
## District Court of the Virgin Islands
### Div. of St. Thomas and St. John at Charlotte Amalie
## District Court Commissioner
## October 15, 1955

HARRY DREIS, ESQ., *for estate*
JOHN L. PHILLIPS, ESQ., *for claimant*
JAMES A. BOUGH, ESQ., *for Else E. Callwood*

GEORGE A. MENA, *District Court Commissioner*

This is a claim by real estate agent Osmond Kean against the Estate of Anna Roslyn Peiffer, nee Callwood, an absentee owner of tenement houses in St. Thomas, Virgin Islands, who resided in Germany and died there on July 11, 1947. The claim is for the refund of $418.00 which Kean claims he paid out of his personal funds to one Else E. Callwood for whom he also acted as real

429

estate agent, and for whom he maintained an account at the same time. The amount of $7,706.12 was transferred on July 18, 1949 by Kean to an account entitled "The Estate of Anna Peiffer (born Callwood), German National, deceased, by Osmond Kean." Kean claims that $418.00 of this fund is due to him as this account was frozen at the time he was required to render an accounting to Mrs. Callwood in Civil No. 179 - 1949. The background and history out of which the claim has arisen are clearly and succinctly set forth in the Opinion of the United States Court of Appeals for the Third Circuit in case No. 11,344 Clifford W. L. Callwood v. The Virgin Islands National Bank, Osmond Kean, et al., filed April 26, 1955 (3 V.I. 540, 221 F.2d 770). The claim was rejected by Moses D. Sasso, Ancillary Administrator, on September 30, 1955.

A hearing on the claim was had before the Commissioner on October 6, 1955, at 9 o'clock a.m., at which time appeared Moses D. Sasso, Esquire, Ancillary Administrator, Harry Dreis, Esquire, Attorney for the Estate, Osmond Kean, Esquire, claimant, and his attorney, John L. Phillips, Esquire. Osmond Kean being duly sworn testified in support of his claim and produced Check No. 2907 in the amount of $576.61, which he claims paid Mrs. Callwood the $418.00 in question. He could give no explanation as to what the remainder of the check ($158.61) represented. He declined to leave the check with the Commissioner, but promised to produce a photostatic copy of the check at the next hearing, which was set for Monday, October 10, 1955, at 9 o'clock a.m.

On Monday, October 10, 1955, at 9 o'clock a.m., the hearing was continued before the Commissioner at which time appeared Moses D. Sasso, Esquire, Ancillary Administrator, Harry Dreis, Esquire, Attorney for the Estate, Osmond Kean, Esquire, claimant, and John L. Phillips, Esquire, Attorney for claimant. Also was present

James A. Bough, Esquire, Attorney for Mrs. Else E. Callwood. Osmond Kean failed to produce photostatic copy of Check No. 2907 mentioned above. He produced certain books which he claimed represented the accounts of Mrs. Peiffer. It was mutually agreed by all parties present, with the approval of the Commissioner, that the alleged books and accounts of Mrs. Peiffer will be examined by the interested parties present in the chambers of the Court's Law Library on Thursday, October 13, 1955, at 2 o'clock p.m.

The Commissioner was subsequently advised by John L. Phillips, Esquire, Attorney for claimant Osmond Kean, that neither he nor the claimant will be present on Thursday, October 13, 1955, at 2 o'clock p.m., and that the Commissioner may decide the matter as it now stands.

The Ancillary Administrator Moses D. Sasso and Harry Dreis, Esquire, Attorney for the Estate, are still in opposition to the allowance of the claim.

The Commissioner now finds as follows:

1. That the claimant Osmond Kean was agent of and kept accounts for both Anna Roslyn Peiffer and Else E. Callwood.
2. That Anna Roslyn Peiffer died on July 11, 1947.
3. That an accounting was rendered to Else E. Callwood in Civil No. 179 - 1949 by Osmond Kean.
4. That no accounting has been rendered by Osmond Kean to the Estate of Anna Roslyn Peiffer or any audit made of the accounts of Anna Roslyn Peiffer.
5. That, aside from the allegation of Kean, there is no satisfactory evidence of the correct amount due the Peiffer Estate; therefore, there is no basis for assuming that $7,288.12 of the $7,706.12 ($7,706.12 less $418.00) deposited in the Peiffer Account by Kean is the correct amount due the Peiffer Estate.
6. That it has not been proven by satisfactory evidence

that Osmond Kean paid to Else E. Callwood the $418.00 in question.

7. That the claimant Osmond Kean has failed to prove his claim.

8. That this claim has not been adjudicated in Civil No. 179 - 1949 or in any other case.

### Conclusion of Law

The claimant Osmond Kean having failed to prove his claim, it should be disallowed. No claim shall be allowed by the Court or Judge except upon some competent or satisfactory evidence other than the testimony of the claimant. Title III, chapter 75, section 4, St. Thomas Code (1921), (15 V.I.C. § 395).

WHEREFORE, it is ORDERED AND ADJUDGED that the claim for $418.00 of Osmond Kean in this Estate be and the same is hereby disallowed.